UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHAEL ANDREW SCUTERI, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:23-cv-00200-JPH-MG ) |
| STATE OF INDIANA, DUSHAN ZATECKY, | ) ) ) ) |
| Defendants. | ) |

**ORDER DISMISSING THE COMPLAINT AND DIRECTING THE PLAINTIFF TO SHOW CAUSE**

Michael Andrew Scuteri, a prisoner at Putnamville Correctional Facility, files this lawsuit pursuant to 42 U.S.C. § 1983. Because Mr. Scuteri is a prisoner, the Court must screen his complaint before serving the defendants. 28 U.S.C. § 1915A.

**I. Screening Standard**

The Court must dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

The complaint names defendants Commissioner of the Indiana Department of Correction and Warden Dushan Zatecky, in their individual and official capacities. (Docket Entry 2). Mr. Scuteri seeks damages and injunctive relief. (*Id.* at 5-8).

The complaint makes the following allegations. On August 19, 2021, a Warren County Probation agent "gave [Mr. Scuteri] a new name in her aberration of a pre-sentence investigation. Michael 'Dean' Scuteri was a fabrication of her imagination and does not exist." (*Id.* at 2). The complaint further alleges that Mr. Scuteri has been "incarcerated since November 3, 2021 by the Indiana Department of Corrections under a false identity that came with a new social security number as well. As of today that is 531 days incarcerated as a new person." (*Id.*). "The petitioner therefore states unequivocally, any and all documents with the false identification of the petitioner produced by the Indiana Department of Corrections and all of its contractors are hereby nullified and voided." (*Id.* at 3). "The malicious and deliberate actions of the State of Indiana and its agents nullifies their 'Qualified Immunity' and exposes them to litigation." (*Id.*).

Mr. Scuteri requests "$1,000.00 for every single day [he has] been incarcerated by the Indiana Department of Corrections under a false identity." (*Id.* at 5). He also states, "I WANT MY NAME BACK NOW. The state of Indiana Stole my name. I want it back." (*Id.*). Mr. Scuteri also lists improvements to prison conditions he wants as "part of the deal." (*Id.*). These include, for example, additional opportunities for prison employment, improvements to food services, access to hygiene products such as "Old Spice body wash," and access to a laptop, brand name clothing, Lasik eye surgery, art supplies, the opportunity to train rescue dogs, and the erasure of his conduct record. (*Id.* at 5-8).

### III. Discussion

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The allegation that Mr. Scuteri's paperwork misidentifies him fails to state a federal claim. The complaint does not create a reasonable inference that Mr. Scuteri has been denied access to the courts, prohibited from engaging in the free exercise of speech or religion, or retaliated against for engaging in protected First Amendment activity; that he has been subjected to excessive force or a lack of medical care; that he suffers from inhumane or dangerous conditions of confinement; or that his federal rights have otherwise been infringed.

3

Accordingly, the complaint is **dismissed for failure to state a claim upon which relief may be granted**.

### IV. Opportunity to Show Cause

The complaint must be dismissed for the reasons set forth above. Mr. Scuteri shall have **21 days from the issuance of this Order** to show cause why Judgment consistent with this Order should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954–955 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . . , the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

**SO ORDERED**.

Date: 6/20/2023

                      *James Patrick Hanlon*
                      James Patrick Hanlon
                      United States District Judge
                      Southern District of Indiana

Distribution:

MICHAEL ANDREW SCUTERI
286882
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Eric Ryan Shouse
Lewis And Wilkins LLP
shouse@lewisandwilkins.com